## UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

**STEPHANIE MICKELSEN**
CHIEF DEPUTY CLERK
E-MAIL: Stephanie_Mickelsen@ksd.uscourts.gov
(913) 735-2235

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

June 5, 2025

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

INTERLOCUTORY

**SEE NOTICE OF ELECTRONIC FILING**

Pro Se Topeka or 2255 Appeal

RE:  Hay v. Applequist et al

District Court Case No.:   5:23-cv-03175-HLT-GEB

Notice of Appeal filed by:  Kenneth Mark Hay

Fee Status:                Not Paid. IFP granted in District Court 8/1/2023

The following documents are for the parties in connection with the Notice of Appeal:
Notice of Interlocutory Appeal and Copy of the Docket Sheet.

If you have any questions, please contact the Office of the Clerk of the U.S. Court of
Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By: s/ J. Lolley
_____
Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
       (Notice of Appeal, Docket Sheet, & Preliminary Record)

INTERLOCUTORYAPPEAL,PLC2,STAYDISC

# U.S. District Court
# DISTRICT OF KANSAS (Topeka)
# CIVIL DOCKET FOR CASE #: <u>5:23–cv–03175–HLT–GEB</u>

Hay v. Applequist et al
Assigned to: District Judge Holly L. Teeter
Referred to: Magistrate Judge Gwynne E. Birzer
Cause: 42:1983 Civil Rights Act

Date Filed: 07/20/2023
Jury Demand: None
Nature of Suit: 560 Prisoner Petitions:
Civil Detainee: Conditions of Confinement
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Kenneth Mark Hay**

represented by **Kenneth Mark Hay**
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550
Email:
PRO SE
*Bar Number:*
*Bar Status:*

V.

**<u>Defendant</u>**

**Keri Applequist**
*Assistant Clinical Program Director of SPTP, Larned State Hospital, in her official capacity (individual capacity claim terminated 9/19/24, DE 34)*

represented by **Matthew Lee Shoger**
Kansas Attorney General
Legal Services
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–296–2215
Fax: 785–291–3767
Alternative Phone: 316–209–5135
Cell Phone: 316–209–5135
Email: <u>matt.shoger@ag.ks.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**<u>Defendant</u>**

**Lesia Dipeman**
*Superintendent, Larned State Hospital, in her individual and official capactity*
**TERMINATED: 09/19/2024**

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**<u>Defendant</u>**

represented by

1

**Haleigh Bennett**
*Chief Operations Officer, Larned State*
*Hospital, in her official capacity*
*(individual capacity claim terminated*
*9/19/24, DE 34)*

**Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Defendant**

**Linda Kidd**
*Program Leader of SPTP, Larned State*
*Hospital, in her official capacity*
*(individual capacity claim terminated*
*9/19/24, DE 34)*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Defendant**

**Lindsey Dinkel**
*in her official capacity as Superintendent,*
*Larned State Hospital*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2023 | 1 | COMPLAINT filed by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Verification Affidavit, # 2 Financial Certificate, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Envelope) (smnd) (Entered: 07/20/2023) |
| 07/21/2023 | 2 | NOTICE OF DEFICIENCY – Motion to proceed in forma pauperis is missing. The filing party/attorney is directed to correct the deficiency by submitting the filing fee or a motion for leave to proceed in forma pauperis by August 4, 2023. Failure to comply with the deadline may result in dismissal of this action without further notice. Mailed to Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 07/21/2023) |
| 07/31/2023 | 3 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Kenneth Mark Hay. NOTE – Access to document is restricted pursuant to the courts privacy policy. (Attachments: # 1 Financial Affidavit, # 2 Envelope) (jal) (Entered: 07/31/2023) |
| 07/31/2023 | 4 | MOTION to Amend Complaint (titled: Motion to Amend Plaintiff's Relief) re 1 Complaint by Plaintiff Kenneth Mark Hay. (jal) (Entered: 07/31/2023) |
| 08/01/2023 | 5 | ORDER ENTERED: Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3 ) is granted. Signed by District Judge John |

| | | |
|---|---|---|
| | | W. Lungstrum on 8/1/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (jal) (Entered: 08/01/2023) |
| 08/01/2023 | 6 | MINUTE ORDER REASSIGNING CASE: Case reassigned to District Judge Holly L. Teeter and Magistrate Judge Gwynne E. Birzer for all further proceedings. District Judge John W. Lungstrum no longer assigned to case. Entered by deputy clerk on 8/1/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(jal) (Entered: 08/01/2023) |
| 08/02/2023 | 7 | ORDER finding as moot 4 Motion to Amend Complaint. Pursuant to Fed. R. Civ. P. (a)(1)(A) Plaintiff is permitted to amend his complaint once as a matter of course. If Plaintiff wishes to amend his complaint, a full amended complaint shall be filed no later than 8/16/2023. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 8/2/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 08/02/2023) |
| 08/14/2023 | 8 | AMENDED COMPLAINT filed by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (smnd) (Entered: 08/14/2023) |
| 08/28/2023 | 9 | ORDER. Plaintiff has timely filed his Amended Complaint. Service of process shall be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 8/28/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 08/28/2023) |
| 09/14/2023 | | SUMMONS ISSUED as to Keri Applequist, Haleigh Bennett, Lesia Dipeman, Linda Kidd (issued to US Marshal for service). Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to US Marshal for service with complaint. Pursuant to KSA 60–304(d), summons also issued to Kansas Attorney General. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (jsh) (Entered: 09/14/2023) |
| 10/13/2023 | 10 | MOTION to Appoint Counsel by Plaintiff Kenneth Mark Hay (referred to Magistrate Judge Gwynne E. Birzer) (Attachments: # 1 Envelope) (smnd) (Entered: 10/13/2023) |
| 10/20/2023 | 11 | MOTION for Order to Show Cause (titled: Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order) by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (jal). (Entered: 10/20/2023) |
| 10/24/2023 | 12 | SUMMONS RETURNED EXECUTED –– Certified Mail (USM–285) by Kenneth Mark Hay upon Keri Applequist served on 10/16/2023, answer due 11/6/2023. (jsh) (Entered: 10/24/2023) |
| 10/24/2023 | 13 | SUMMONS RETURNED EXECUTED –– Certified Mail (USM–285) by Kenneth Mark Hay upon Haleigh Bennett served on 10/16/2023, answer due 11/6/2023. (jsh) (Entered: 10/24/2023) |

| 10/24/2023 | 14 | SUMMONS RETURNED EXECUTED –– Certified Mail (USM–285) by Kenneth Mark Hay upon Lesia Dipeman served on 10/16/2023, answer due 11/6/2023. (jsh) (Entered: 10/24/2023) |
|---|---|---|
| 10/25/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 11 MOTION for Order to Show Cause. The motion will be resolved by the District Judge. (kf)** (Entered: 10/25/2023) |
| 10/25/2023 | 15 | ORDER denying 11 Motion for Order to Show Cause. Signed by District Judge Holly L. Teeter on 10/25/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (kmc) (Entered: 10/25/2023) |
| 10/25/2023 | 16 | SUMMONS RETURNED EXECUTED –– Certified Mail (USM–285) by Kenneth Mark Hay upon Kansas Attorney General served on 10/16/2023, answer due 11/6/2023. (kmc) (Entered: 10/25/2023) |
| 10/30/2023 | 17 | SUMMONS RETURNED EXECUTED –– Certified Mail (USM–285) by Kenneth Mark Hay upon Linda Kidd served on 10/20/2023, answer due 11/13/2023. (jsh) (Entered: 10/31/2023) |
| 11/02/2023 | 18 | MOTION for Judgment by Default by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Envelope) (smnd) (Entered: 11/02/2023) |
| 11/02/2023 | 19 | ORDER denying 18 Motion for Judgment by Default. Plaintiff moves for default judgment. But there has been no entry of default sought or entered under Rule 55(a). Further, the docket reflects that Defendants' answer deadlines have not passed. See Docs. 12–14, 16–17. Accordingly, this motion is denied without prejudice as premature. Signed by District Judge Holly L. Teeter on 11/2/2023.Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 11/02/2023) |
| 11/03/2023 | 20 | ENTRY OF APPEARANCE by Matthew Lee Shoger on behalf of Keri Applequist, Haleigh Bennett, Lesia Dipeman, Linda Kidd. (Shoger, Matthew) (Entered: 11/03/2023) |
| 11/03/2023 | 21 | MOTION to Quash *Service and for Court Review of the Amended Complaint* by Defendants Keri Applequist, Haleigh Bennett, Lesia Dipeman, Linda Kidd (referred to Magistrate Judge Gwynne E. Birzer) (Shoger, Matthew). Added MOTION for Review on 11/6/2023 (kas). (Entered: 11/03/2023) |
| 12/22/2023 | 22 | CORRESPONDENCE and ORDER. On December 18, 2023, Plaintiff copied the Court on a letter he sent Defendants' attorney filed herein. The Court should not be copied on correspondence between the parties. As best it can discern, the letter does not seek relief from the Court. And a letter would not be the proper mechanism for seeking relief from the Court, so any sought relief from the Court is denied without prejudice. This time the Court will file the letter for completeness of the record, but it cautions Plaintiff that he should not copy the Court on routine correspondence in the future. The Court denies will take no further action on the |

| | | correspondence. Signed by District Judge Holly L. Teeter on 12/22/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (md) (Entered: 12/22/2023) |
|---|---|---|
| 01/30/2024 | 23 | MOTION for Judgment by Default by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (smnd) (Entered: 01/30/2024) |
| 02/06/2024 | 24 | MOTION to Strike 23 MOTION for Judgment by Default by Defendants Keri Applequist, Haleigh Bennett, Lesia Dipeman, Linda Kidd. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shoger, Matthew) (Entered: 02/06/2024) |
| 02/07/2024 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION to Strike 23 MOTION for Judgment by Default. The motion will be resolved by the District Judge.(md)** (Entered: 02/07/2024) |
| 02/09/2024 | 25 | ORDER. Plaintiff's Motion for Judgment by Default (Doc. 23 ) is denied.Defendants' Motion to Strike (Doc. 24 ) is denied as moot in light of the denial of Plaintiff's motion. Signed by District Judge Holly L. Teeter on 2/8/2024.Mailed to pro se party Kenneth Mark Hay by regular mail. (mam) (Entered: 02/09/2024) |
| 05/28/2024 | 26 | MOTION to Appoint Counsel by Plaintiff Kenneth Mark Hay. (referred to Magistrate Judge Gwynne E. Birzer) (Attachments: # 1 Envelope) (jal) (Entered: 05/28/2024) |
| 07/22/2024 | 27 | ORDER. Plaintiff Kenneth Mark Hay's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) (ECF No. 10 ) is denied without prejudice as to refiling as the case continues to go forward. Signed by Magistrate Judge Gwynne E. Birzer on 7/22/2024. Mailed to pro se party Kenneth Mark Hay by regular mail. (mam) (Entered: 07/22/2024) |
| 07/22/2024 | 28 | ORDER. Having ruled on Plaintiff's initial Motion to Appoint Counsel (ECF No. 10), the Court finds as moot his second such motion – 26 Motion to Appoint Counsel. Signed by Magistrate Judge Gwynne E. Birzer on 7/22/2024. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 07/22/2024) |
| 07/22/2024 | 29 | ORDER AND REPORT AND RECOMMENDATION. Defendant's Motion to Quash Service and for Court Review of the Amended Complaint (ECF No. 21 ) is granted in part and denied in part. The Court grants Defendants' motion to screen Plaintiff's Amended Complaint. The Court denies Defendants' Motion to Quash. Defendants shall file a responsive pleading within 21 days following the District Judge's order on this Report and Recommendation, if applicable. It is recommended that Plaintiff's claims attacking the constitutionality of the KSVPA and SPTP and claimed lack of due process in Plaintiff's civil commitment set forth in the sections of his Amended Complaint titled "Legislative Intent" and "Due Process;" claim regarding violation of his right to freedom of speech; and all claims against Defendants Keri Applequist, Lesia Dipman, Haleigh |

| | | |
|---|---|---|
| | | Bennet, and Linda Kidd in their individual capacities be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). It is recommended that Defendant Lesia Dipman be dismissed from this action. Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen–day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. Signed by Magistrate Judge Gwynne E. Birzer on 7/22/2024. Mailed to pro se party Kenneth Mark Hay by regular and certified mail (tracking #7022 0410 0003 3816 3761). (mam) (Entered: 07/22/2024) |
| 07/29/2024 | 30 | CERTIFIED MAIL RECEIPT returned re 29 ORDER AND REPORT AND RECOMMENDATION addressed to Kenneth Mark Hay. (kmc) (Entered: 07/29/2024) |
| 08/02/2024 | 31 | ORDER. The Clerk's office received some correspondence from different individuals about Larned State Hospital. Some of the correspondence is from an individual who is not a party to this case. One letter is from Plaintiff, which cites this case and references the status of this case. But Plaintiff does not seek relief from the Court in his letter. The Court will take no action on the correspondence, and the Clerk's Office is directed to return the correspondence to Plaintiff. Also, since the date of the letter, the Court has issued an R&R. Although the docket reflects that Plaintiff has been sent and received the most recent filings, see Doc. 30, the Court directs the Clerk's Office to mail to Plaintiff via certified mail a copy of the pending Report & Recommendation (Doc. 29), as well as the recent orders on two of Plaintiff's motions (Docs. 27 and 28), to ensure Plaintiff has received the most recent filings in his case. Signed by District Judge Holly L. Teeter on 8/2/24. Mailed to pro se party Kenneth Mark Hay, LARNED State Hospital, 1301 KS Highway 264, Larned, KS 67550. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 08/02/2024) |
| 08/02/2024 | | NOTICE Re: Pro Se Mailing. Document (31) Order, along with additional Orders specified in the text of the order (DE 27 , (28) and 29 ), mailed to Kenneth Mark Hay on 8/2/2024 by certified mail; Certified Tracking Number 9589 0710 5270 0905 6192 67. (jal) (Entered: 08/02/2024) |
| 08/12/2024 | 32 | CERTIFIED MAIL RECEIPT returned re 31 Order, addressed to Kenneth Mark Hay. (ca) (Entered: 08/12/2024) |
| 08/12/2024 | 33 | OBJECTION to 29 Order and Report and Recommendations by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Exhibit A, # 2 Envelope) (smnd) (Entered: 08/13/2024) |
| 09/19/2024 | 34 | ORDER adopting 29 Report and Recommendations. Plaintiff's claims arising out of his original civil commitment proceeding, his First Amendment claim, and his individual–capacity claims against |

| | | |
|---|---|---|
| | | Defendants are DISMISSED. Defendant Dipman is also DISMISSED from this case and Dinkel is substituted in her official capacity. Defendants shall file a responsive pleading or motion regarding the remaining claims by October 9, 2024. Signed by District Judge Holly L. Teeter on 9/18/2024. Mailed by regular mail to pro se party Kenneth Mark Hay at Larned State Hospital 1301 KS Highway 264 Larned, KS 67550. (ca) (Entered: 09/19/2024) |
| 09/19/2024 | 35 | CLERKS ORDER EXTENDING TIME until 10/23/2024 for Defendants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Linda Kidd to answer or otherwise plead. Signed by deputy clerk on 9/19/2024. Mailed to pro se party Kenneth Mark Hay at LARNED State Hospital 1301 KS Highway 264 Larned, KS 67550 by regular mail. (nac) (Entered: 09/19/2024) |
| 10/17/2024 | 36 | MOTION for Extension of Time to File Response as to 8 Amended Complaint by Defendants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Lesia Dipeman, Linda Kidd (referred to Magistrate Judge Gwynne E. Birzer) (Shoger, Matthew) Modified on 10/17/2024 to correct motion event (kas). (Entered: 10/17/2024) |
| 10/18/2024 | 37 | ORDER. For good cause shown, the Court GRANTS 36 Defendants' MOTION for Extension of Time to File Answer. Defedants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Lesia Dipeman, and Linda Kidd's deadline to answer or otherwise respond is extended up to and including 11/6/2024. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 10/18/2024. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 10/18/2024) |
| 11/06/2024 | 38 | ANSWER to 8 Amended Complaint by Lindsey Dinkel, Keri Applequist, Haleigh Bennett, Linda Kidd.(Shoger, Matthew) (Entered: 11/07/2024) |
| 11/07/2024 | 39 | NOTICE OF STATUS CONFERENCE: A Status Conference before Magistrate Judge Gwynne E. Birzer is set for 12/20/2024 at 10:00 AM by Zoom. The parties shall be prepared to discuss any discovery needed and deadlines in the case. Mailed to Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 11/07/2024) |
| 11/20/2024 | 40 | AMENDED ANSWER to 8 Amended Complaint by Lindsey Dinkel, Keri Applequist, Haleigh Bennett, Linda Kidd. (Shoger, Matthew) (Entered: 11/20/2024) |
| 12/05/2024 | 41 | RESPONSE to 40 Amended Answer to Amended Complaint by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Exhibit A, # 2 Envelope) (smnd) (Entered: 12/05/2024) |
| 12/13/2024 | 42 | SUPPLEMENTAL RESPONSE to 40 Amended Answer to Amended Complaint by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (smnd) (Entered: 12/13/2024) |
| 12/20/2024 | 43 | |

| | | |
|---|---|---|
| | | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: STATUS CONFERENCE held on 12/20/2024. (Tape #10:00−10:25.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 12/20/2024) |
| 12/20/2024 | 44 | SCHEDULING ORDER: Written Discovery deadline 1/24/2025. Status Conference set for 2/28/2025 at 10:00 AM via Video Conference – Zoom before Magistrate Judge Gwynne E. Birzer. See Order for additional deadlines. Signed by Magistrate Judge Gwynne E. Birzer on 12/20/2024. (kas) (Entered: 12/20/2024) |
| 12/20/2024 | | NOTICE Re: Pro Se Mailing. 44 Scheduling Order mailed to Kenneth Mark Hay on 12/20/2024 by regular mail. (kas) (Entered: 12/20/2024) |
| 12/30/2024 | 45 | SUPPLEMENT (titled Plaintiff's Final Prayer for Relief and Monetary Amount for Damages) to 8 Amended Complaint by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (smnd) (Entered: 12/30/2024) |
| 01/08/2025 | 46 | MEMORANDUM OF LAW Supporting His Discovery, Exhibits, Oral Arguments, Trial and Appeal by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Envelope) (smnd) (Entered: 01/10/2025) |
| 01/10/2025 | 47 | ORDER regarding 46 . Plaintiff has filed a document titled "Memorandum of Law supporting his Discovery, Exhibits, Oral Arguments, Trial and Appeal." The document largely consists of excerpts of magazine and journal articles. The Court discerns no properly supported or procedurally correct request for relief and takes no action on this filing. Per the Scheduling Order, Doc. 44, discovery is ongoing. To the extent Plaintiff wishes to exchange discovery with Defendant, that should be done outside of the Court's docket. The Court is not aware of any motions outside of the discovery context (and only after complying with the meet−and−confer requirements) that would be needed at this stage. There is no trial deadline or dispositive−motion schedule. Plaintiff is therefore cautioned that unnecessary or repetitive filings will only serve to delay resolution of this matter and should proceed accordingly. Signed by District Judge Holly L. Teeter on 1/10/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) (Entered: 01/10/2025) |
| 01/14/2025 | 48 | MOTION to Disclose Plaintiff's Witnesses by Plaintiff Kenneth Mark Hay. (referred to Magistrate Judge Gwynne E. Birzer) (Attachments: # 1 Envelope)(ca) (Entered: 01/14/2025) |
| 01/15/2025 | 49 | ORDER granting in part and denying in part 48 Motion to Disclose Plaintiff's Witnesses. Plaintiff seeks an order from the Court permitting Plaintiff to serve interrogatories, depose, and call for testimony thirty−six identified witnesses. Fed. R. Civ. P. 33 permits a party to serve interrogatories only on another party. The Court's |

| | | |
|---|---|---|
| | | Scheduling Order set a deadline of 1/24/2025 to serve written discovery. Plaintiff is permitted to serve interrogatories, requests for production of documents, and/or requests for admissions in compliance with Fed. R. Civ. P. 33, 34, and 36 on Defendants Keri Applequist, Linda Kidd, Haileigh Bennett, and Lindsey Dinkel by the 1/24/2025 deadline. At this time, written discovery is the only discovery contemplated under the parties' Scheduling Order. The parties and Court will discuss any third–party discovery, depositions, and other testimony at future Status Conferences. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 1/15/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 01/15/2025) |
| 01/21/2025 | 50 | MOTION to Exceed Page Limit by Defendants Lindsey Dinkel, Keri Applequist, Haleigh Bennett, Linda Kidd. (Shoger, Matthew) (Entered: 01/21/2025) |
| 01/21/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 50 MOTION for Leave to File Excess Pages. The motion will be resolved by the District Judge. (kf)** (Entered: 01/21/2025) |
| 01/21/2025 | 51 | ORDER granting 50 Motion for Leave to File Excess Pages. Defendants may exceed the page limit by 5 pages for a total of 20 pages. This is an all–in limit from case caption to signature block. Signed by District Judge Holly L. Teeter on 1/21/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 01/21/2025) |
| 01/23/2025 | 52 | MOTION for Judgment on the Pleadings by Defendants Lindsey Dinkel, Keri Applequist, Haleigh Bennett, Linda Kidd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shoger, Matthew) (Entered: 01/23/2025) |
| 01/23/2025 | 53 | MOTION to Stay Discovery by Defendants Lindsey Dinkel, Keri Applequist, Haleigh Bennett, Linda Kidd. (Motion referred to Magistrate Judge Gwynne E. Birzer.) (Shoger, Matthew) (Entered: 01/23/2025) |
| 01/23/2025 | 54 | ORDER. Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 52). Plaintiff's response is due on or before February 13, 2025. If Plaintiff fails to timely respond, the Court will likely take up the motion without the benefit of his response. The Court encourages Plaintiff to review the Federal Rules of Civil Procedure and the District of Kansas Local Rules before preparing his response. He is expected to comply with these rules. Signed by District Judge Holly L. Teeter on 1/23/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) (Entered: 01/23/2025) |
| 01/24/2025 | 55 | MOTION for Discovery by Plaintiff Kenneth Mark Hay (referred to Magistrate Judge Gwynne E. Birzer) (Attachments: # 1 Envelope) |

| | | (smnd) (Entered: 01/24/2025) |
|---|---|---|
| 02/10/2025 | 56 | RESPONSE by Plaintiff Kenneth Mark Hay re 52 Motion for Judgment on the Pleadings. (Attachments: # 1 Exhibit 1A, # 2 Exhibit 1B, # 3 Envelope) (smnd) (Entered: 02/10/2025) |
| 02/19/2025 | 57 | MOTION for Leave to File Excess Pages by Defendants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Linda Kidd. (Shoger, Matthew) (Entered: 02/19/2025) |
| 02/20/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 57 MOTION for Leave to File Excess Pages. The motion will be resolved by the District Judge.** (kf) (Entered: 02/20/2025) |
| 02/20/2025 | 58 | ORDER granting 57 Motion for Leave to File Excess Pages. Defendants are allowed six pages for their reply. This is an all–in limit from case caption to signature block. Signed by District Judge Holly L. Teeter on 2/20/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 02/20/2025) |
| 02/20/2025 | 59 | ORDER granting 53 Motion to Stay Discovery; and denying 55 Motion for Discovery. Discovery in this case is stayed pending decision on Defendants' Motion for Judgment on the Pleadings (ECF No. 52). The Status Conference set for February 28, 2025 at 10:00 a.m. via Zoom is cancelled. Signed by Magistrate Judge Gwynne E. Birzer on 2/20/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (kas) (Entered: 02/20/2025) |
| 02/24/2025 | 60 | REPLY TO RESPONSE TO MOTION by Defendants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Linda Kidd re: 52 Motion for Judgment on the Pleadings (Shoger, Matthew) (Entered: 02/24/2025) |
| 03/03/2025 | 61 | MOTION for Summary Judgment by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope) (smnd) (Entered: 03/03/2025) |
| 03/11/2025 | 62 | RESPONSE by Defendants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Linda Kidd re 61 Motion for Summary Judgment. (Shoger, Matthew) (Entered: 03/11/2025) |
| 03/11/2025 | 63 | SURREPLY (titled Motion in Response to the Defendants Reply in Further Support of their Motion for Judgment on the Pleadings) by Plaintiff Kenneth Mark Hay re: 52 Motion for Judgment on the Pleadings. (Attachments: # 1 Envelope) (smnd) (Entered: 03/11/2025) |
| 06/04/2025 | 64 | MOTION to Alter Judgment by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope)(jal) (Entered: 06/05/2025) |
| 06/04/2025 | 65 | NOTICE OF INTERLOCUTORY APPEAL by Plaintiff Kenneth Mark Hay. (Attachments: # 1 Envelope)(jal) (Entered: 06/05/2025) |
| 06/05/2025 | | APPEAL FEE STATUS: Filing fee not paid re: 65 Notice of Interlocutory Appeal on behalf of Plaintiff Kenneth Mark Hay. Filer granted IFP status on 8/1/2023. (THIS IS A TEXT ONLY |

| | | ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (jal) (Entered: 06/05/2025) |
|---|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**

    **Plaintiff,**

    **v.**                          **CASE NO.  23-3175-JWL**

**KERI APPLEQUIST, et al.,**

    **Defendants.**

### ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is civilly committed to the SPTP at the Larned State Hospital in Larned, Kansas.  This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3).  Plaintiff's motion indicates that he is indigent and unable to pay the filing fee.  The Court grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **granted**.

**IT IS SO ORDERED.**

**Dated August 1, 2023, in Kansas City, Kansas.**

                    **S/  John W. Lungstrum**
                    **JOHN W. LUNGSTRUM**
                    **UNITED STATES DISTRICT JUDGE**

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:5884129@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion to
Amend Complaint
```
Content–Type: text/html

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 8/2/2023 at 10:50 AM CDT and filed on 8/2/2023

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
 **ORDER finding as moot [4] Motion to Amend Complaint. Pursuant to Fed. R. Civ. P. (a)(1)(A) Plaintiff is permitted to amend his complaint once as a matter of course. If Plaintiff wishes to amend his complaint, a full amended complaint shall be filed no later than 8/16/2023. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 8/2/2023. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:
```

```
Message-Id:5903620@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order
```
Content–Type: text/html

## U.S. District Court

## DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered on 8/28/2023 at 5:40 PM CDT and filed on 8/28/2023

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**
 **ORDER. Plaintiff has timely filed his Amended Complaint. Service of process shall be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 8/28/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)**


**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**

     **Plaintiff,**

     **v.**                       **Case No. 5:23-cv-03175-HLT-GEB**

**KERI APPLEQUEST, et al.,**

     **Defendants.**

## <u>ORDER</u>

Plaintiff Kenneth Mark Hay brings this § 1983 action pro se against various staff at Larned State Hospital.[1] He seeks $50.75 million dollars in compensatory damages and another $50.75 million in punitive damages from each Defendant. Doc. 8 at 24. He also seeks injunctive relief including preventing Defendants from working in the medical, mental health, and correctional fields; required apologies; and "deportation" of Plaintiff to Scotland or Ireland. *Id.*

The case is in its early stages; no Defendant has answered the amended complaint, and counsel has not yet entered an appearance. But it appears three of the four Defendants have been served. The case is before the Court on Plaintiff's request titled "Order to Show Cause for [a] Preliminary Injunction and a Temporary Restraining Order." Doc. 11.

Plaintiff appears to want the Court to prevent Defendants from taking actions such as performing their jobs, searching Plaintiff without a search warrant, using their bank accounts and debit/credit cards, residing in their homes, and possessing their personal property. Plaintiff offers no legal basis for this broad relief, and the request is otherwise unsupported. His two-page request

---

[1]    The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, <u>935 F.2d 1106, 1110</u> (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

does not even identify the governing standard for relief. He has provided the Court with no framework or authority under which to evaluate his request for such broad, sweeping relief. Plaintiff fails to identify any basis upon which the Court could grant him the relief sought.

THE COURT THEREFORE ORDERS that Plaintiff's request titled "Order to Show Cause for [a] Preliminary Injunction and a Temporary Restraining Order" (Doc. 11) is denied.

IT IS SO ORDERED.

Dated: October 25, 2023                    /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:5952171@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion for
Default Judgment
```
Content–Type: text/html

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 11/2/2023 at 3:00 PM CDT and filed on 11/2/2023

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 19(No document attached) |

**Docket Text:**
 **ORDER denying [18] Motion for Judgment by Default. Plaintiff moves for default judgment. But there has been no entry of default sought or entered under Rule 55(a). Further, the docket reflects that Defendants' answer deadlines have not passed. See Docs. 12–14, 16–17. Accordingly, this motion is denied without prejudice as premature. Signed by District Judge Holly L. Teeter on 11/2/2023.Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

Friday, December 08, 2023
9:03 AM

Dear Mr. Shoger:

I am writing to you now concerning Case Number: 5:23-CV-03175- HLT-GEB in which we represent parties involved. I am sending a copy of this correspondence with you to the Court so that all parties stay involved in the process of litigation.

Until now I have yet to receive any Motion to Dismiss from you and your clients. I have litigated this case to the best of my ability and have received nothing but stall tactics it seems from you and your clients. In my opinion it seems as if you and your clients are the actor Billy Bob Thornton in the movie "Tombstone".

What I am saying is that I am Wyatt Earp (played by Kurt Russell) and I am asking you and your clients the same thing Mr. Earp does of Mr. Thornton's character in the movie. That is, *"Are you gonna draw that smoke wagon or are you gonna stand there and bleed?"*

It only took your office 35 days to have me Civilly Committed and now you and your clients want to play "keep away" with my Due Process Rights . . . AGAIN . . . especially regarding my Constitutional and Statutory Right to a Speedy Trial.

If my lawsuit was so bad Mr. Shoger than why hasn't the Court dismissed it?

Should we have a phone conference? You may and can call me for free at the number listed below.

I will not accept any "plea bargains" like other residents of SPTP.

I will not be bartered with or bribed.

I will only accept my complete satisfaction of receiving all my Prayer for Relief or none at all.

Thank you for your time and consideration!

Respectfully,

Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550
620-285-4660 extension 4

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550

THIS CORRESPONDENCE IS
FROM A SECURE FACILITY
AND IS UNCENSORED

WICHITA KS 670

12 DEC 2023 PM 3 L

66683-358799

UNITED STATES DISTRICT COURTHOUSE
C/O Clerk od the District Court
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

DEC 18 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**

     **Plaintiff,**

     **v.**

**KERI APPLEQUIST, et al.,**

     **Defendants.**

**Case No. 5:23-cv-03175-HLT-GEB**

## <u>ORDER</u>

Plaintiff Kenneth Mark Hay brings this § 1983 action pro se against various staff at Larned State Hospital.[1] He seeks compensatory and punitive damages, as well as injunctive relief. The case is before the Court on Plaintiff's Motion for Judgment by Default. Doc. 23. The motion states Plaintiff is entitled to relief and that the Court has not sua sponte dismissed the case against Defendants, and thus "Defendants have no case." *Id.* at 4. Plaintiff contends he has served all parties and that the time to respond has passed without response. *Id.* at 5-6. In response, Defendants move to strike Plaintiff's motion because Plaintiff has not served any documents in the case on Defendants' counsel as required by <u>Federal Rule of Civil Procedure 5(b)(1)</u>. Doc. 24.[2] Defendants also argue a motion for default judgment is premature because no entry of default has been entered and Defendants have timely filed a motion under <u>Federal Rule of Civil Procedure 12</u>. *Id.* at 3.

The Court denies Plaintiff's motion and denies Defendants' motion as moot. Plaintiff's motion for default judgment is premature and not supported. No entry of default has been entered

---

[1]    Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, <u>935 F.2d 1106, 1110</u> (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[2]    The docket reflects that Defendants' counsel does receive electronic notices of all filings through the Court's CM/ECF system.

under Federal Rule of Civil Procedure 55(a), which must occur before a party can seek default judgment. *See Wells Fargo Clearing Servs., LLC. v. Kleinmann*, 2021 WL 7542469, at *1 (D. Kan. 2021). Further, Defendants are not in default. They have filed a motion for insufficient service under Federal Rule of Civil Procedure 12(b)(5) and for screening of the complaint under 28 U.S.C. § 1915(e)(2)(B), which is currently pending. Doc. 21. Thus, to the extent Plaintiff seeks default judgment, his motion is denied. To the extent Plaintiff's motion seeks other relief, the Court finds it is not warranted and denies it. In light of the denial of Plaintiff's motion, the Court denies Defendants' motion to strike as moot.

The Court reminds Plaintiff of his obligations in this case. He initiated this action against Defendants, and Defendants are represented by counsel. Any communication Plaintiff wishes to have with Defendants should be through their counsel. And any communications with the Court must include Defendants' counsel. These are routine requirements of litigation and Plaintiff may not unilaterally decide to not adhere to them.[3] The Court also reminds Plaintiff that he is expected to comply with the federal and local rules despite his pro se status.

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Judgment by Default (Doc. 23) is DENIED.

THE COURT FURTHER ORDERS that Defendants' Motion to Strike (Doc. 24) is DENIED AS MOOT in light of the denial of Plaintiff's motion.

IT IS SO ORDERED.

Dated: February 8, 2024                          /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

---

[3]    The Court also notes that Plaintiff has previously filed a motion for judgment by default. Doc. 18. The undersigned denied that motion, noting that no entry of default had been sought or entered and that the motion was premature. Doc. 19. The Court is mindful that Plaintiff is pro se but cautions him that repetitive unmeritorious filings may lead to sanctions, including filing restrictions, monetary sanctions, or even eventual dismissal of this case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH MARK HAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 23-3175-JWL** |
| | ) |
| **KERI APPLEQUIST, et al.,** | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Kenneth Mark Hay's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) ("Motion") (**ECF No. 10**). For the reasons outlined below, Plaintiffs motion in **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. 1915(e)(1) gives the Court discretionary authority to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in civil actions.[2] In exercising its discretion, the Court considers multiple factors when deciding whether to appoint counsel for an indigent party.[3] In *Castner v. Colo. Springs Cablevision,*[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to

---

[1] 28 U.S.C. 1915(e)(1); *Williams v. Meese*, <u>926 F.2d 994, 996</u> (10th Cir. 1991).
[2] *See Sandle v. Principi*, <u>201 F. App'x 579, 582</u> (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, <u>979 F.2d 1417, 1420</u> (10th Cir. 1992) (Title VII case)).
[3] *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, <u>2014 WL 494789</u>, at *1 (D. Kan. Feb. 6, 2014).
[4] *Castner*, <u>979 F.2d at 1422</u>.

appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's must use their appointment thoughtfully and prudently so willing counsel may be located.[5] However, the Court must also consider the increase in *pro se* filings and the limited number of attorneys willing to accept pro bono appointment.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his Motion to Proceed *in forma pauperis*.[8]

Plaintiff fails the second factor. His motion does not demonstrate any efforts to obtain counsel.[9] The Court understands Plaintiff's custodial constraints and does not decide the motion on this factor alone. However, Plaintiff makes no claims in his motion he lacks access to the means needed to contact potential attorneys. The Court is hopeful with time and diligence, Plaintiff may secure an attorney to represent him. The Court is more inclined

---

[5] *Castner*, <u>979 F.2d at 1421</u>.
[6] *Jackson*, <u>2014 WL 494789</u>, at *3.
[7] *Id.*, at *2.
[8] ECF No. 3, *sealed*.
[9] ECF no. 10.

to weigh this factor in favor of Plaintiffs, who have met and conferred with at least five attorneys regarding the case.[10]

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim.[11] The Court has reviewed the allegations of Plaintiff's Amended Petition and has recommended the dismissal of certain claims. Additional claims require additional briefing. The Court cannot, at this juncture, assess whether any of Plaintiff's claims will survive.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. To date Plaintiff has successfully amended his complaint. His filings reflect some understanding of court rules and procedures, and the relevant law. His pleadings and motions appear well-formulated, organized, and coherent. Additionally, the need for counsel at trial is premature at this time.

The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary" as the case moves forward.[12] Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about the merits of Plaintiff's claims and his ability to assert them.[13] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the

---

[10] *Jackson*, 2014 WL 494789, at *2.

[11] *Castner*, 979 F.2d at 1422.

[12] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing Ficken v. Alvarez, 146 F.3d 978, 981 (D.C.Cir.1998)).

[13] *Id.*

3

decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[14]

For the reasons outlined above, Plaintiff Kenneth Mark Hay's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) **(ECF No. 10)** is **DENIED** without prejudice as to refiling as the case continues to go forward.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of July 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[14] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENNETH MARK HAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-3175-HLT-GEB |
| | ) | |
| KERI APPLEQUIST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND
## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Quash Service and for Court Review of the Amended Complaint (**ECF No. 21**) ("Motion"). Defendants Keri Applequist, Lesia Dipman,[1] Haleigh Bennett, and Linda Kidd request service on them in their individual capacities be quashed under Fed. R. Civ. P. 12(b)(b)(5). These four Defendants along with Defendant Lindsey Dinkel[2] ("Defendants") ask the Court to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set

---

[1] Plaintiff's Amended Complaint misspells Ms. Dipman's last name as Dipeman.

[2] Per Defendants' Motion, Defendant Lesia Dipman retired on September 15, 2023 and she was succeeded as Superintendent of Larned State Hospital by Lindsey Dinkel. Ms. Dipman was sued in her individual and official capacities. The claims against Ms. Dipman in her individual capacity remain. However, pursuant to Fed. R. Civ. P. 25(d) when a public officer, who is a party in her official capacity ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Therefore, by rule Defendant Lindsey Dinkel automatically substituted as Defendant for all claims brought against Ms. Dipman in her official capacity when Ms. Dinkel became Superintendent of Larned State Hospital. *Moore v. Kobach*, 359 F.Supp.3d 1029, 1032 (D. Kan. 2019).

forth below, the Court **GRANTS in part and DENIES in part** Defendants' Motion and screens Plaintiff's Amended Complaint.

## I.     Background

Plaintiff was civilly committed to the Sexual Predator Treatment Program at Larned State Hospital in 1995. He filed his initial Complaint attaching a Financial Certificate.[3] He did not initially submit a Motion to Proceed In Forma Pauperis ("IFP Motion"). He was notified of the deficiency and was directed to either submit the filing fee or file an IFP Motion by August 4, 2023.[4] Plaintiff timely submitted an IFP Motion[5] which was granted by District Judge John W. Lungstrum.[6] Just 10 days after filing his initial Complaint, Plaintiff filed a Motion to Amend Complaint.[7] Because Plaintiff filed his Motion to Amend within the period where a party may amend his pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A), the Court found as moot his Motion to Amend and set a deadline of August 16, 2023 to file his Amended Complaint;[8] which he timely did.[9] The Amended Complaint raises various claims pursuant to 42 U.S.C. § 1983.

Thereafter, the Court ordered the Clerk of Court to undertake service of process pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).[10] Defendants Keri Applequist, Lesia Dipman, Haleigh Bennett, and Linda Kidd were all served by certified mail, return

---

[3] ECF No. 1.
[4] ECF No. 2.
[5] ECF No. 3.
[6] ECF No. 5.
[7] ECF No. 4.
[8] ECF No. 7.
[9] ECF No. 8.
[10] ECF No. 9.

2

receipt requested at the address provided for all in the Amended Complaint.[11] The address provided was Larned State Hospital, Sexually Violent Predator Program at 1301 Kansas Highway 264, Larned, Kansas.[12]

## II.     Motion to Screen Amended Complaint

Defendants ask the Court to screen Plaintiff's Amended Complaint on the merits. 28 U.S.C. § 1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees. "Section 1915(e) applies to all in forma pauperis litigants, including non-prisoners."[13] Nothing in the language of § 1915(e)(2) "*requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status."[14]

Sua sponte dismissal of the case is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[15] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[16] Where it does not appear the District Judge screened the case on the merits prior to his Order granting Plaintiff's Motion to Proceed In Forma Pauperis, the Court **GRANTS** Defendants' motion to screen Plaintiff's

---

[11] ECF Nos. 12-14 and 17.
[12] ECF No. 8 at 2-3.
[13] *Fry v. Beezley,* No. 10-3050-SAC, 2010 WL 1371644, at *1 (D. Kan. April 6, 2010) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1257–58 (10th Cir.2006), *cert. denied*, 127 S.Ct. 675 (2006); *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)).
[14] *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).
[15] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[16] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).

3

Amended Complaint. Before reviewing Plaintiff's Amended Complaint, the Court will first address Defendants' motion to quash service.

## III.    Motion to Quash Service

Defendants Applequist, Dipman, Bennett, and Kidd ask the Court to quash Plaintiff's service on them in their individual capacities as improper. A defendant may move to dismiss for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5). "Before a court can exercise personal jurisdiction over a defendant, the plaintiff must have served process validly under Federal Rule of Civil Procedure 4."[17] These Defendants were served by certified mail, return receipt requested at the address Plaintiff provided for them in his Amended Complaint; Larned State Hospital, Sexually Violent Predator Program at 1301 Kansas Highway 264, Larned, Kansas.

Fed. R. Civ. P. 4(e) governs service upon an individual within the District. It provides an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located" or by any of the following: 1) delivering a copy of the summons and complaint to the individual personally; 2) by leaving a copy at the individual's dwelling or usual place of abode with someone…who resides there; or 3) delivering a copy to an agent authorized by appointment or by law to receive service of process. "A pro se plaintiff must still comply with Rule 4 and Kansas law for service of process."[18] Kansas law permits return receipt

---

[17] *Wanjiku v. Johnson Cnty.*, 173 F.Supp.3d 1217, 1223 (D. Kan. 2016).
[18] *Id.* at 1228 (citing *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1350 (D. Kan. 1994)).

delivery upon an individual, but it must, at least initially, "be addressed to an individual at the individual's dwelling or usual place of abode."[19] Only if the party "files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual" may the party "complete service by return receipt delivery, addressed to the individual at the individual's business address."[20]

Here Plaintiff did not provide a residential address to the clerk for service thus no residential service was attempted. Plaintiff has filed no return of service show residential service was refused or unclaimed. Thus, he has not complied with Kansas law for serving an individual at a business address. Neither has Plaintiff personally served Defendants Applequist, Dipman, Bennett, and Kidd personally, by leaving a copy at their dwelling, or delivering a copy to an agent authorized to receive service of process. The Court finds Plaintiff has neither complied with state or federal law regarding service of process upon these individual Defendants.

The Court understands it may, in its discretion, extend the deadline for Plaintiff to serve Defendants Applequist, Dipman, Bennett, and Kidd in their individual capacity.[21] The Court declines to do so here and instead will recommend the dismissal of Plaintiff's

---

[19] K.S.A. § 60-304 (a).

[20] *Id.; see also Oltremari*, 871 F.Supp. at 1349 (service by certified mail at a business address is allowed only after a return of service is filed stating the certified mailing to the individual has been refused or unclaimed); *Wanjiku v. Johnson Cnty.*, No. 14-2001-RDR, 2014 WL 821285, at *2 (D. Kan. Mar. 3, 2014) (§ 60-304 (a) does not permit service by certified mail to business address unless the certified mail sent to the individual's dwelling is refused or unclaimed).

[21] *Wanjiku*, 173 F.Supp.3d at 1331.

5

claims against them as discussed in the Report and Recommendation section below. Even if Plaintiff had complied with the required service requirements, as discussed in section IV(b)(iii) below, the Court concludes Plaintiff has failed to state a plausible claim against them pursuant to § 1983. Therefore, the Court **DENIES** Defendants' Motion to Quash.

## IV.    Review of Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff raises claims under 42 U.S.C. § 1983 regarding violation of his constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments including violation of the following rights: 1) due process rights, 2) prohibition against double jeopardy and ex post facto laws, 3) freedom of speech, 4) protection from cruel and unusual punishment, and 5) equal protection under the law. These claims attack the Kansas Sexually Violent Predator Act ("KSVPA") as originally enacted. Plaintiff alleges the Sexual Predator Treatment Program ("SPTP") was never intended to provide therapy, treatment, care, and rehabilitation. He additionally alleges the SPTP has changed in nature in the time he has been committed and is no longer a civil commitment, but is punitive in nature and therefore violates his constitutional rights as set out above.

### a.    Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

6

### b.    Recommendation of Dismissal of Certain Claims

As set forth above, in screening a complaint pursuant to 28 U.S.C. § 1915, sua sponte dismissal is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[22] Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[23]

### i.    Claims Attacking the Constitutionality of the KSVPA and SPTP and Lack of Due Process in Plaintiff's Civil Commitment

In the section of his Amended Complaint titled "Legislative Intent," Plaintiff alleges the KSVPA and SPTP were never intended to provide therapy and treatment making both unconstitutional. In support of this argument, he sets forth information from oversight hearings on Senate Bill 525 regarding whether the KSVPA would become law, the efforts to pass the KSVPA, and from his civil commitment proceedings. And in the section titled "Due Process," alleges various violations of his due process rights, most relating to his completion of programs in the SPTP and his annual review since his time of commitment. However, he also references how long he was in jail prior to his civil commitment and therefore appears to raise a claim of violation of due process during his civil commitment proceedings.

---

[22] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[23] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

The Kansas Supreme Court has addressed Plaintiff's arguments regarding whether due process was provided to him during his commitment proceedings along with Plaintiff's arguments regarding the constitutionality of KSVPA and SPTP and any violation of his constitutional rights by being civilly committed, denying all his claims.[24]  The Court finds the *Rooker-Feldman* doctrine bars these claims from being reheard here.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[25] The doctrine is applicable "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[26] To permit a lower federal court to hear these claims "would contravene 28 U.S.C. § 1257, which confers jurisdiction only on the Supreme Court to hear appeals from final state-court judgments."[27] The doctrine thus precludes federal district courts "from exercising appellate jurisdiction over final state-court judgments."[28]

The Kansas Supreme Court addressed each of the constitutional violations Plaintiff alleges here in the Legislative Intent section of the Amended Complaint along with his claim he was denied due process in his commitment proceedings in their opinion on his appeal from his commitment proceedings. Each was denied, specifically his claims of, 1)

---

[24] *In the Matter of the Care and Treatment of Kenneth M. Hay*, 263 Kan. 822, (1998).
[25] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[26] *Id.* at 466.
[27] *Merryfield v. Howard*, No. 21-3255-DDC, 2023 WL 2682353, at *6 (D. Kan. Mar. 29, 2023)(citing *Lance*, 546 U.S. at 463)).
[28] *Lance*, 546 U.S. at 463.

due process rights,[29] 2) prohibition against double jeopardy and ex post facto laws,[30] 3) protection from cruel and unusual punishment,[31] and 4) equal protection under the law.[32] The *Rooker-Feldman* doctrine prevents the Court from rehearing these issues. Therefore, Plaintiff fails to state a claim upon which relief may be granted and the Court recommends Plaintiff's claims in the Legislative Intent section of his Amended Complaint along with any claims related to due process during his commitment proceedings in the Due Process section of the Amended Complaint be dismissed.

## ii.    Freedom of Speech

Plaintiff in the opening paragraph of his Amended Complaint alleges he brings the case pursuant to 42 U.S.C. § 1983 for Defendants violation of various constitutional rights including "freedom of speech rights." There is no further mention of this right or any fact set forth alleging a violation of right of freedom of speech. Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[33]

---

[29] *Matter of Hay*, 263 Kan. at 829 (KSVPA does not violate substantive due process.) (citing *Kansas v. Hendricks*, 117 S.Ct. 2072, 2087-88 (1997)); *Id.* at 831-32 (The obligations of procedural due process are clearly satisfied by the KSVPA).

[30] *Id.* at 829 ("We therefore hold that the Act [KSVPA] does not establish criminal proceedings and that involuntary confinement pursuant to the Act is not punitive. Our conclusion that the Act is nonpunitive thus removes an essential prerequisite for both Hendricks' double jeopardy and *ex post facto* claims.")(quoting *Kansas v. Hendricks*, 117 S.Ct. at 2085).

[31] *Id.* at 834 ("[T]here exists no basis for Hay's argument that the Act [KSVPA] violates the prohibition against cruel and unusual punishment where commitment proceedings under the Act have been clearly held to be civil in nature, not criminal or punitive. This issue is without merit and requires no further comment.)

[32] *Id.* at 674-75 (Where the tests for determining the constitutionality of a statute under due process and equal protection grounds with nearly identical factors, the decision in *Kansas v. Hendricks* the KSVPA does not violated substantive due process indicates the Act survives equal protection scrutiny as well.)

[33] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[34] Plaintiff proceeds pro se, thus his pleadings must be construed liberally.[35] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[36] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[37]  Fed. R. Civ. P. 8 "demands more than naked assertions."[38]

On review of the Amended Complaint regarding Plaintiff's claim Defendants violated his constitutionally protected right to freedom of speech, the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level. Because Plaintiff is proceeding pro se, the Court has "tried to discern the kernel of the issues [] he wishes to present. . . ."[39] However, Plaintiff fails to provide any factual support for his allegations that Defendants' actions violated his right to freedom of speech. Plaintiff's Amended Complaint fails to allege facts to support a cognizable claim. The Court recommends Plaintiff's claim regarding violation of his freedom of speech be dismissed.

---

[34] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).
[35] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).
[36] *Id.*
[37] *Mays v. Wyandotte County Sheriff's Dep't,* 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[38] *Cohen v. Delong,* 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[39] *Mays* at 796.

### iii.    Claims Against Defendants in Their Individual Capacities

Plaintiff brings his claims against Defendants Keri Applequist, Lesia Dipman, Haleigh Bennet, and Linda Kidd in both their individual and official capacities. For each of these Defendants, Plaintiff makes the same statement, i.e., Defendant "is responsible for promulgating and implementing policies and procedures within SPTP." Throughout the Amended Complaint, Plaintiff sets forth various alleged facts regarding changes to the SPTP and his treatment therein. He alleges the SPTP with these conditions is no longer constitutional and violates his rights. None of these facts are tied to any action or decision of any of these Defendants. To the extent Plaintiff claims any of these Defendants took the alleged actions themselves, the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level.

However, if Plaintiff claims these Defendants are responsible for actions taken by their subordinates, he makes no affirmative link between Defendants Applequist, Dipman, Bennet, and Kidd and the alleged constitutional violation as is required to hold them liable for any alleged acts of their subordinates.[40] "The 'affirmative link' requirement has 'three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind.'"[41] Plaintiff's individual capacity theory fails on the first prong. His Amended Complaint never alleges any personal participation by Defendants Applequist, Dipman, Bennet, and Kidd in the alleged constitutional violations. The failure to meet the

---

[40] *Merryfield v. Howard*, No. 21-3255-DDC-KGG, 2023 WL 2682353, at *5 (D. Kan. Mar. 29, 2023), *aff'd,* No. 23-3060, 2024 WL 358241 (10th Cir. Jan. 31, 2024) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).

[41] *Id.*

11

first prong negates the need to consider the second or third prongs. "Because without 'personal involvement' allegations, whether plaintiff can demonstrate a 'casual connection' and 'state of mind' doesn't matter."[42] Plaintiff fails to state a plausible claim under § 1983 against Defendants Applequist, Dipman, Bennet, and Kidd in their individual capacities. The Court, therefore, recommends all claims against these Defendants in their individual capacities be dismissed and where Defendant Dipman was automatically substituted by her successor Defendant Lindsey Dinkel,[43] for any claims against her in her professional capacity, recommends Defendant Dipman be dismissed from this action.

### c.    Further Briefing Required on Remaining Claims

Regarding the claims in the sections of Plaintiff's Amended Complaint titled "Confinement/Incarceration," "Treatment/Therapy/Care," and "Due Process," excluding any claim regarding lack of due process in his commitment proceedings addressed above, the Court has conducted an initial screening of the Amended Complaint and finds a responsive pleading is necessary. The Court therefore orders Defendants to file a responsive pleading within 21 days following the District Judge's order on this Report and Recommendation, if applicable.

## V.    Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendants' Motion. Specifically, the Court orders the following:

---

[42] *Id.* at *5.
[43] See fn 2, *supra.*

- The Court **GRANTS** Defendants' motion to screen Plaintiff's Amended Complaint.

- The Court **DENIES** Defendants' Motion to Quash.

- Defendants shall file a responsive pleading within 21 days following the District Judge's order on this Report and Recommendation, if applicable.

**IT IS THEREFORE ORDERED** Defendant's Motion to Quash Service and for Court Review of the Amended Complaint (**ECF No. 21**) is **GRANTED in part and DENIED in part.**

Further, **IT IS THEREFORE RECOMMENDED** Plaintiff's claims attacking the constitutionality of the KSVPA and SPTP and claimed lack of due process in Plaintiff's civil commitment set forth in the sections of his Amended Complaint titled "Legislative Intent" and "Due Process;" claim regarding violation of his right to freedom of speech; and all claims against Defendants Keri Applequist, Lesia Dipman, Haleigh Bennet, and Linda Kidd in their individual capacities be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** Defendant Lesia Dipman be dismissed from this action.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of July 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

13

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6152511@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order
Content-Type: text/html
```

**U.S. District Court**

**DISTRICT OF KANSAS**

**Notice of Electronic Filing**

The following transaction was entered on 8/2/2024 at 1:52 PM CDT and filed on 8/2/2024

**Case Name:**      Hay v. Applequist et al
**Case Number:**    5:23–cv–03175–HLT–GEB
**Filer:**
**Document Number:** 31(No document attached)

**Docket Text:**
**ORDER. The Clerk's office received some correspondence from different individuals about Larned State Hospital. Some of the correspondence is from an individual who is not a party to this case. One letter is from Plaintiff, which cites this case and references the status of this case. But Plaintiff does not seek relief from the Court in his letter. The Court will take no action on the correspondence, and the Clerk's Office is directed to return the correspondence to Plaintiff. Also, since the date of the letter, the Court has issued an R&R. Although the docket reflects that Plaintiff has been sent and received the most recent filings, see Doc. 30, the Court directs the Clerk's Office to mail to Plaintiff via certified mail a copy of the pending Report & Recommendation (Doc. 29), as well as the recent orders on two of Plaintiff's motions (Docs. 27 and 28), to ensure Plaintiff has received the most recent filings in his case. Signed by District Judge Holly L. Teeter on 8/2/24. Mailed to pro se party Kenneth Mark Hay, LARNED State Hospital, 1301 KS Highway 264, Larned, KS 67550. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger     matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264

Larned, KS 67550

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH MARK HAY,**

      **Plaintiff,**

      **v.**                                     **Case No. 5:23-cv-03175-HLT-GEB**

**KERI APPLEQUIST, et al.,**

      **Defendants.**

## ORDER

Plaintiff Kenneth Mark Hay brings this § 1983 action pro se against various staff at Larned State Hospital.[1] Defendants are staff of the Sexual Predator Treatment Program ("SPTP") at Larned where Plaintiff is civilly committed and are sued in both their individual and official capacities. Defendants filed a motion to quash service and for screening of the complaint. Doc. 21. The magistrate judge issued an Order and Report and Recommendation ("R&R") that found service was improper on the individual-capacity claims and recommended certain claims should be dismissed. Doc. 29. Plaintiff filed an objection. Doc. 33. For the reasons discussed below, the Court adopts the R&R as the order of the Court and dismisses some claims. Other claims survive against Defendants in their official capacity, and Defendants' responsive pleading or motion is due by October 9, 2024.

## I.  BACKGROUND

Plaintiff was civilly committed to the SPTP at Larned State Hospital in 1995. This was pursuant to the Sexually Violent Predator Act ("SVPA"). *See* K.S.A. § 59-29a01(a) (providing for

---

[1]  Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

the "involuntary civil commitment process for the potentially long-term control, care and treatment of sexually violent predators"). He filed this case asserting various claims under 42 U.S.C. § 1983. *See* Doc. 8. Plaintiff seeks "to address violations of his Due Process Rights, Ex Post Facto, Freedom of Speech Rights, Protection from Cruel and Unusual Punishment, Double Jeopardy, Unequal Protection of the Law, violations of his 1st, 4th, 5th, 6th and 14th Amendment Rights." *Id.* at 1.

The complaint does not otherwise enumerate specific claims. It states that the SPTP violates certain constitutional rights and "has made *Kansas v. Hendricks*, 521 U.S. 346 moot and/or irrelevant, both in how it is constructed and how it operates." *Id.* at 4.

The complaint includes a section titled "Legislative Intent," which details some statements made during the passage of the SVPA, as well as in Plaintiff's own civil-commitment proceedings. *Id.* at 6-13. In a section titled "Confinement/Incarceration," Plaintiff challenges his ongoing confinement in the SPTP, including that his time in the "Yard" has been restricted, he no longer enjoys BBQs with his friends, family members are no longer allowed to bring in food and other items during visits, sports are no longer allowed, a SPTP band no longer performs, and he has to be accompanied by staff while moving around in the program. *Id.* at 13-16. He claims being subjected to curfews and not being permitted to apply for SSI or disability is cruel and unusual punishment. *Id.* at 15. In a section titled "Treatment/Therapy/Care," Plaintiff challenges the nature of the therapy and treatment he receives. *Id.* at 16-19. The final section is titled "Due Process," in which Plaintiff challenges his continued confinement in the SPTP and the program's grievance process. *Id.* at 19-23.

Defendants are Keri Applequist, Lesia Dipman,[2] Haleigh Bennett, and Linda Kidd. They are sued in their individual and official capacities. Doc. 8 at 2-3. Plaintiff served Defendants with process at Larned State Hospital—their place of employment. *See* Docs. 12-14, 17. Shortly thereafter, Defendants filed a motion to quash service to the extent service was intended for claims against Defendants in their individual capacities. Doc. 21 at 1-3. Defendants also requested that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B), because Plaintiff proceeds in forma pauperis. *Id.* at 3-7.

The magistrate judge took up the motion and found that Plaintiff failed to comply with state or federal law for service on Defendants in their individual capacities. Doc. 29 at 4-6. The magistrate judge declined to extend the deadline for Plaintiff to correct service because she also determined that screening was appropriate, *id.* at 3-4, and in conducting that screening, concluded that the individual-capacity claims should be dismissed, *id.* at 11-12.[3] After conducting the screening, the magistrate judge issued the R&R recommending dismissal of certain claims in the case. *Id.* at 6-13. The parties were given notice of the time to object. *Id.* at 6. Only Plaintiff filed an objection. Doc. 33.

---

[2]  Plaintiff's complaint spells this name "Dipeman." Defendants state that this is a misspelling and that the correct name is Lesia Dipman. Doc. 21 at 1 n.1. The Court notes this just to clarify the record and will use the correct spelling. Dipman has since retired. *Id.* at 1 n.2. Her successor is Lindsey Dinkel. *Id.* To the extent Dipman is sued in her official capacity, Dinkel is properly substituted for the official-capacity claims against Dipman only. *See* Fed. R. Civ. P. 25(d).

[3]  Defendants did not dispute that service was effective as to the official-capacity claims. *See* Doc. 21 at 2; *see also Smith v. Lall*, 2024 WL 1007424, at *4 (N.D. Ga. 2024) ("Plaintiffs contend that because they have purportedly served Defendants in their official capacities—through delivery of the summons to the Office of the Governor—their service is also sufficient as to the individual-capacity claims. This is incorrect.").

## II.     STANDARD[4]

Under Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's order on a non-dispositive matter "that is clearly erroneous or is contrary to law." Under the clearly erroneous standard, a reviewing court must affirm a magistrate judge's order unless it is "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation and citation omitted).

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she deems appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016).

## III.     ANALYSIS

### A.     Service

The magistrate judge agreed with Defendants that Plaintiff failed to comply with state and federal law for service of the individual Defendants.[5] Specifically, Plaintiff provided for service of Defendants at their place of business. *See* Docs. 12-14, 17 (summonses with Larned State Hospital address). Under Rule 4(e), service on an individual can be achieved by following state law or by delivering a copy of the summons and complaint to the individual personally, to their "dwelling or usual place of abode," or to their agent who is authorized to accept service. Fed. R. Civ. P. 4(e). Plaintiff did not serve in accordance with the latter options and was thus required to

---

[4]   Plaintiff's objection addresses the magistrate judge's order on the non-dispositive service issue as well as the recommendation that certain claims be dismissed. *See generally* Doc. 33. The Court therefore provides the standards for reviewing both non-dispositive and dispositive rulings.

[5]   Although the magistrate judge concluded Plaintiff failed to effect service, the motion to quash was denied. This is presumably because the magistrate judge concluded the individual-capacity claims should be dismissed for failure to state a claim, which makes the service issue moot. *See* Doc. 29 at 5-6.

follow state law. Under state law, if service is by return receipt delivery, it must be addressed to the person at the person's "dwelling or usual place of abode" or to an authorized agent. K.S.A. § 60-304(a). If that service is "refused or unclaimed," the party "may complete service by return receipt delivery, addressed to the individual at the individual's business address." *Id.*

Here, Plaintiff did not provide Defendants' residential addresses for service, and no residential service was attempted. Thus, the magistrate judge found he failed to comply with K.S.A. § 60-304(a) and has therefore not complied with federal or state law in serving the Defendants in their individual capacity. Doc. 29 at 4-6. To the extent Plaintiff objects to this ruling, the undersigned finds it is not clearly erroneous or contrary to law.

Plaintiff did not satisfy the service requirement by serving Defendants at their business address because he did not first attempt service at their residential addresses. *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1227-30 (D. Kan. 2016) ("Kansas law provides for service on an individual by return receipt delivery addressed to the individual's dwelling, personal service, or residential service. . . . It does not contemplate service at a business address by return receipt delivery until plaintiff has taken certain steps."). Plaintiff's objection states that Larned State Hospital refuses to give him Plaintiffs' home addresses. Doc. 33 at 1. This doesn't excuse Plaintiff's compliance with federal and state service rules. *Wanjiku*, 173 F. Supp. 3d at 1230 ("No certified mail was refused or unclaimed at defendant's dwelling and plaintiff has not filed a return of service stating as much. Detective Grigsby contends that this is not enough to serve him effectively and argues that plaintiff has not cited any law supporting the proposition that, because plaintiff does not know Detective Grigsby's address, plaintiff is excused from complying with all three statutory requirements. The Court agrees."). Thus, to the extent Plaintiff objects to the

magistrate judge's order that Plaintiff has not effected service as to the individual-capacity claims

against Defendants, the undersigned discerns no clear error. The objection is overruled.[6]

### B.    Report and Recommendation

The magistrate judge granted Defendants' request for screening under <u>28 U.S.C. § 1915</u>.[7]

The magistrate judge then screened the complaint and recommended dismissal of certain

categories of claims in the complaint, including Plaintiff's challenges to his civil-commitment

proceedings, the First Amendment claim, and all individual-capacity claims. <u>Doc. 29 at 13</u>.

### 1.    Challenges To Civil-Commitment Proceedings

The first category of claims recommended for dismissal are any claims challenging

Plaintiff's original civil commitment, including challenges to the constitutionality of the SVPA,

the SPTP, and the lack of due process in Plaintiff's civil-commitment proceeding. The magistrate

judge found any such claims were barred by the *Rooker-Feldman* doctrine because the Kansas

Supreme Court has already rejected these arguments when it upheld Plaintiff's civil commitment.

<u>Doc. 29 at 7-9</u>.

The undersigned agrees any claims challenging Plaintiff's original civil commitment

should be dismissed. The Kansas Supreme Court affirmed the decision to civilly commit Plaintiff

and rejected many of the same challenges Plaintiff makes here. *See Matter of Hay*, <u>953 P.2d 666,</u>

<u>672-76</u> (Kan. 1998) (addressing arguments that the SVPA is criminal in nature, puts him double

---

[6]  As discussed below, the undersigned also agrees that the individual-capacity claims should be dismissed for other reasons.

[7]  Under the screening procedure for plaintiffs proceeding in forma pauperis, a court may dismiss a claim if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* <u>28 U.S.C. § 1915(e)(2)(B)</u>. Plaintiff does not specifically object to the decision to screen his complaint, other than to state: "Despite or Inspite [sic] of the Plaintiff sending the filings to the Defendant's Business Address rather than their Residential Address this Court still is going to screen the Plaintiff's complaint and allow the Defendant's [sic] to respond to his complaint." Doc 33 at 2. To the extent Plaintiff objects to screening, that is a non-dispositive ruling by the magistrate, and the undersigned does not find it to be clearly erroneous or contrary to law given Plaintiff's in forma pauperis status. *See* <u>Doc. 5</u>.

jeopardy, is an ex post facto law, violates substantive and procedural due process, and violates equal protection). The Kansas Supreme Court rejected Plaintiff's challenge to the SVPA, *id.* at 674-76, and upheld Plaintiff's civil commitment to the SPTP, *id.* at 676-80.

Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation and citation omitted). *Rooker-Feldman* applies to claims actually decided by a state court and claims inextricably intertwined with a state court judgment. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

To the extent Plaintiff seeks to use this case to call into question the Kansas Supreme Court's decision affirming his civil commitment, that is not permitted under *Rooker-Feldman*. *See Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (finding that *Rooker-Feldman* applied where claims were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered" by the state court).[8] Any challenge to Plaintiff's civil-commitment proceedings is likely also untimely, as the civil commitment proceeding occurred in 1995. *See Hay*, 953 P.2d at 672.

Plaintiff states in his objection that the "*Rooker-Feldman* doctrine is overridden by the fact and ruling that the Kansas Supreme Court has found the KSVPA and SPTP Unconstitutional TWICE." Doc. 33 at 4. But both of the cases cited have been reversed by the United States

---

[8]   Many of the same arguments Plaintiff raises here were also rejected by the United States Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346, 370-71 (1997), which held that the SVPA was not criminal in nature and "comports with due process requirements and neither runs afoul of double jeopardy principles nor constitutes an exercise in impermissible *ex post facto* lawmaking." Thus, even if *Rooker-Feldman* didn't bar Plaintiff's claims, this Court would be obligated to follow binding Supreme Court precedent to the extent Plaintiff makes those same arguments now.

Supreme Court, which both upheld the constitutionality of the SVPA. *See Hendricks*, 521 U.S. at 371; *Kansas v. Crane*, 534 U.S. 407,415 (2002). He also states that "*Hendricks* and *Crane* were not 'state-court losers,' but were rather 'state-court winners' and that is why the State of Kansas was forced to appeal to the United States Supreme Court with those cases." Doc. 33 at 5. This misunderstands the application of *Rooker-Feldman* in this case, which is that Plaintiff may not effectively appeal his loss in his state-court case to this Court.

The undersigned therefore adopts the recommendation of the magistrate judge that any claims challenging Plaintiff's original civil commitment, including challenges to the constitutionality of the SVPA and the SPTP, be dismissed to the extent these issues were previously addressed by the Kansas Supreme Court during the appeal of Plaintiff's original civil-commitment hearing.[9]

### 2.    First Amendment Claims

The magistrate judge next found that any First Amendment claim should be dismissed because there are no facts alleged in the complaint that any Defendant violated Plaintiff's First Amendment rights. Doc. 29 at 9-10. Plaintiff does not address this ruling in his objection, and thus the Court may use any standard of review. *Price*, 2016 WL 4500910, at *1.

Using de novo review, the undersigned agrees that any ostensible First Amendment claim by Plaintiff should be dismissed. The undersigned has reviewed the amended complaint. Doc. 8. Although the first page states that Plaintiff asserts a claim under the First Amendment for "Freedom of Speech Rights," *id.* at 1, there are no factual allegations about any such violation. The only other reference to the First Amendment is that Plaintiff "cannot support himself

---

[9]    As discussed in the background section, *see supra* page 2, Plaintiff appears to be asserting other claims arising out of his current conditions. These claims are distinct from any claims challenging his original civil commitment.

financially because he exercises his 1st Amendment Right not to 'work' or participate with the Program." Doc. 8 at 16. It is unclear how this implicates any right protected by the First Amendment or the freedom of speech. The undersigned therefore adopts the recommendation of the magistrate judge and dismisses any ostensible First Amendment claim.

### 3.    Individual-Capacity Claims

Finally, the magistrate judge recommended dismissal of any individual-capacity claims against Defendants because Plaintiff's claims are aimed at the operation of the SPTP overall and do not allege any actions by Defendants that would expose them to liability in their individual capacity. Doc. 29 at 11-12. Plaintiff does not specifically address this recommendation in his objection.

The undersigned applies de novo review and adopts this recommendation and dismisses the individual-capacity claims against Defendants. A § 1983 claim must be attributable to a defendant's own actions. *A.M. v. Holmes*, 830 F.3d 1123, 1163 (10th Cir. 2016); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) ("But common to all § 1983 and Bivens claims is the requirement that liability be predicated on a violation traceable to a defendant-official's own individual actions." (internal quotation and citation omitted)). Plaintiff's allegations generally focus on the overall operation of the SPTP. He does not identify any specific action taken by any individual Defendants that would state a plausible constitutional violation against them in their individual capacities. *See, e.g., Chubb v. Howard*, 2022 WL 3585631, at *2 (D. Kan. 2022) (dismissing Applequist from § 1983 case involving SPTP where "amended complaint does not specifically refer to an action or a failure to act"). Accordingly, the individual-capacity claims are dismissed.

9

C.      **Remaining Claims**

The Court has determined that certain claims must be dismissed. These are any claim by Plaintiff arising out of or decided during his original civil-commitment proceeding, Plaintiff's First Amendment claim, and the individual-capacity claims against Defendants. What remains are the official-capacity claims against Defendants[10] based on Plaintiff's current confinement in the SPTP. *See supra* page 2.

Neither side objects to the magistrate judge's ruling that further briefing is required on these claims. The undersigned concurs with the magistrate judge that a responsive pleading or motion is required to evaluate these claims. In accordance with that ruling, Defendants' responsive pleading or motion is due 21 days from the date of this order, or by October 9, 2024.

THE COURT THEREFORE ORDERS that the Order and Report and Recommendation (Doc. 29) is ADOPTED as the order of the Court. Plaintiff's claims arising out of his original civil-commitment proceeding, his First Amendment claim, and his individual-capacity claims against Defendants are DISMISSED. Defendant Dipman is also DISMISSED from this case and Dinkel is substituted in her official capacity.

THE COURT FURTHER ORDERS that Defendants shall file a responsive pleading or motion regarding the remaining claims by October 9, 2024.

IT IS SO ORDERED.

Dated: September 18, 2024          /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE

---

[10]  On the current record, this would be Applequist, Bennett, and Kidd, who are sued in their official capacities, as well as Dinkel in her official capacity as substitute for Dipman.

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6206589@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion for
Extension of Time to Answer
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered on 10/18/2024 at 2:09 PM CDT and filed on 10/18/2024

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 37(No document attached) |

**Docket Text:**
 ORDER. For good cause shown, the Court GRANTS [36] Defendants' MOTION for Extension of Time to File Answer. Defedants Keri Applequist, Haleigh Bennett, Lindsey Dinkel, Lesia Dipeman, and Linda Kidd's deadline to answer or otherwise respond is extended up to and including 11/6/2024. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 10/18/2024. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger     matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

Rev. 1/6/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH MARK HAY,                    )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )        Case No. 23-3175-HLT-GEB
                                     )
KERI APPLEQUIST, et al.,             )
                                     )
                    Defendants.      )
_____)

## **SCHEDULING ORDER**

On December 20, 2024, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16.  Plaintiff Kenneth Mark Hay, pro se, appeared by videoconference. Defendants Keri Applequist, et al. appeared through counsel Matthew Shoger by videoconference.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.     Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **January 31, 2025**. Defendant must make a good-faith counter-proposal by **February 21, 2025**.

2.    **Discovery.**

    **a.**    Written discovery must be served by **January 24, 2025**.

    **b.**    No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

    **c.**    Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 17, 2025**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **d.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

2

both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

3.    **Motions**

a.    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

3

**b.**       To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**c.**       Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4.      Pretrial Conference, Trial, and Other Matters.**

*a.*       Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **February 28, 2025 at 10:00 a.m. via Zoom**.

**b.**       This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 20, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **January 17, 2025** |
| Plaintiff's settlement proposal | **January 31, 2025** |
| Defendant's settlement counter-proposal | **February 21, 2025** |
| Written discovery served | **January 24, 2025** |
| Status Conference | **February 28, 2025 at 10:00 a.m. via Zoom** |

5

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6261343@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order
Content-Type: text/html
```

### U.S. District Court

### DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered on 1/10/2025 at 4:08 PM CST and filed on 1/10/2025

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 47(No document attached) |

**Docket Text:**
**ORDER regarding [46]. Plaintiff has filed a document titled "Memorandum of Law supporting his Discovery, Exhibits, Oral Arguments, Trial and Appeal." The document largely consists of excerpts of magazine and journal articles. The Court discerns no properly supported or procedurally correct request for relief and takes no action on this filing. Per the Scheduling Order, Doc. 44, discovery is ongoing. To the extent Plaintiff wishes to exchange discovery with Defendant, that should be done outside of the Court's docket. The Court is not aware of any motions outside of the discovery context (and only after complying with the meet–and–confer requirements) that would be needed at this stage. There is no trial deadline or dispositive–motion schedule. Plaintiff is therefore cautioned that unnecessary or repetitive filings will only serve to delay resolution of this matter and should proceed accordingly. Signed by District Judge Holly L. Teeter on 1/10/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger    matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264

Larned, KS 67550

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6264385@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion for
Miscellaneous Relief
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered on 1/15/2025 at 4:18 PM CST and filed on 1/15/2025

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 49(No document attached) |

**Docket Text:**
 ORDER granting in part and denying in part [48] Motion to Disclose Plaintiff's Witnesses. Plaintiff seeks an order from the Court permitting Plaintiff to serve interrogatories, depose, and call for testimony thirty–six identified witnesses. Fed. R. Civ. P. 33 permits a party to serve interrogatories only on another party. The Court's Scheduling Order set a deadline of 1/24/2025 to serve written discovery. Plaintiff is permitted to serve interrogatories, requests for production of documents, and/or requests for admissions in compliance with Fed. R. Civ. P. 33, 34, and 36 on Defendants Keri Applequist, Linda Kidd, Haileigh Bennett, and Lindsey Dinkel by the 1/24/2025 deadline. At this time, written discovery is the only discovery contemplated under the parties' Scheduling Order. The parties and Court will discuss any third–party discovery, depositions, and other testimony at future Status Conferences. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 1/15/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger    matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264

Larned, KS 67550

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6267687@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion for
Leave to File Excess Pages
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered on 1/21/2025 at 12:40 PM CST and filed on 1/21/2025

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23–cv–03175–HLT–GEB |
| **Filer:** | |
| **Document Number:** | 51(No document attached) |

**Docket Text:**
 **ORDER granting [50] Motion for Leave to File Excess Pages. Defendants may exceed the page limit by 5 pages for a total of 20 pages. This is an all–in limit from case caption to signature block. Signed by District Judge Holly L. Teeter on 1/21/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger     matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6270628@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 1/23/2025 at 3:04 PM CST and filed on 1/23/2025

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | <u>5:23–cv–03175–HLT–GEB</u> |
| **Filer:** | |
| **Document Number:** | 54(No document attached) |

**Docket Text:**
 **ORDER. Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 52). Plaintiff's response is due on or before February 13, 2025. If Plaintiff fails to timely respond, the Court will likely take up the motion without the benefit of his response. The Court encourages Plaintiff to review the Federal Rules of Civil Procedure and the District of Kansas Local Rules before preparing his response. He is expected to comply with these rules. Signed by District Judge Holly L. Teeter on 1/23/2025. Mailed to pro se party Kenneth Mark Hay by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md)**

**5:23–cv–03175–HLT–GEB Notice has been electronically mailed to:**

Matthew Lee Shoger     matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23–cv–03175–HLT–GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Matthew Lee Shoger (donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov,
matt.shoger@ag.ks.gov), Magistrate Judge Gwynne E. Birzer
(ksd_birzer_chambers@ksd.uscourts.gov), District Judge Holly L. Teeter
(ksd_teeter_chambers@ksd.uscourts.gov)
--Non Case Participants: Gloria Griffin Clement (gloria_clement@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:6289363@ksd.uscourts.gov
Subject:Activity in Case 5:23-cv-03175-HLT-GEB Hay v. Applequist et al Order on Motion for
Leave to File Excess Pages
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 2/20/2025 at 10:51 AM CST and filed on 2/20/2025

| | |
|---|---|
| **Case Name:** | Hay v. Applequist et al |
| **Case Number:** | 5:23-cv-03175-HLT-GEB |
| **Filer:** | |
| **Document Number:** | 58(No document attached) |

**Docket Text:**
 **ORDER granting [57] Motion for Leave to File Excess Pages. Defendants are allowed six pages for their reply. This is an all-in limit from case caption to signature block. Signed by District Judge Holly L. Teeter on 2/20/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md)**

**5:23-cv-03175-HLT-GEB Notice has been electronically mailed to:**

Matthew Lee Shoger      matt.shoger@ag.ks.gov, Donna.wells@ag.ks.gov, gabriella.ortiz@ag.ks.gov

**5:23-cv-03175-HLT-GEB Notice has been delivered by other means to:**

Kenneth Mark Hay
LARNED State Hospital
1301 KS Highway 264
Larned, KS 67550

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH MARK HAY,                     )
                                      )
              Plaintiff,              )
                                      )
v.                                    )        CASE NO.  23-3175-HLT-GEB
                                      )
KERI APPLEQUIST, et al.               )
                                      )
              Defendants.             )
_____)

**ORDER**

This matter comes before the Court on Defendants' Motion to Stay Discovery (**ECF No. 53**) and Plaintiff's Motion for Discovery from Defendants (**ECF No. 55**). For the reasons set forth below, Defendants' Motion to Stay Discovery is **GRANTED** and Plaintiff's Motion for Discovery from Defendants is **DENIED.**

Plaintiff, a resident civilly committed to the Sexual Predator Treatment Program at Larned State Hospital, alleges his continued civil commitment violates certain constitutional rights. Plaintiff's Motion for Leave to Proceed in Forma Pauperis was granted (ECF No. 5). He filed an Amended Complaint as a matter of right under Fed. R. Civ. P. 15 (ECF No. 8). Defendants filed a Motion to Quash Service and for Court Review of Amended Complaint (ECF No. 21). The Motion to Quash Service and for Court Review of Amended Complaint was granted in part and denied in part and a Report and Recommendation regarding the dismissal of certain of Plaintiff's claims (ECF No. 29) was entered. The Court felt the remaining issues would benefit from additional briefing. District

1

Judge Holly L. Teeter adopted the Court's Report and Recommendation (ECF No. 34) and Defendants filed their Answer to Plaintiff's Amended Complaint (ECF No. 38).

The Court set a Status Conference to discuss any discovery needed and deadlines in the case on December 20, 2024. A Scheduling Order was entered setting deadlines for a proposed Protective Order, settlement proposals, serving written discovery, and set a second Status Conference for February 28, 2025 at 10:00 a.m. via Zoom (ECF No. 44). Thereafter, Defendants filed a Motion for Judgment on the Pleadings (ECF No. 52) and the current Motion to Stay and Plaintiff filed his Motion for Discovery, which although styled as a motion appears to be nothing more than a request for production of documents.

Defendants' Motion for Judgment on the Pleadings seeks to dismiss all remaining claims for lack of subject matter jurisdiction due to Eleventh Amendment immunity, lack of constitutional standing, and based upon the *Rooker-Feldmen* doctrine (ECF No. 52). "The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."[1]

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or

---

[1] *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

(4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]

Generally, defendants are entitled to have questions of immunity determined before being required to engage in "the burdens of such pretrial matters as discovery."[3] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[4] "The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[5] "Eleventh Amendment immunity, likewise, is a bar to discovery."[6] A stay of discovery is appropriate because a ruling on the Motion for Judgment on the Pleadings is likely to conclude Plaintiff's case and because Defendants' raise the issue of qualified immunity in the motion.

Therefore, **IT IS ORDERED** Defendants' Motion to Stay Discovery (**ECF No. 53**) is **GRANTED** and Plaintiff's Motion for Discovery from Defendants (**ECF No. 55**) is **DENIED.**

**IT IS FURTHER ORDERED** discovery in this case is stayed pending decision on Defendants' Motion for Judgment on the Pleadings (ECF No. 52). The parties are relieved of any obligation to respond to previously served discovery, relieved of any remaining obligations set forth in their Scheduling Order (ECF No. 44), and the Status Conference

---

[2] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled,* No. 18-2703-CM, 2019 WL 2435725 (D. Kan. June 11, 2019).
[3] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10ᵗʰ Cir. 2001).
[4] *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014)).
[5] *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 23 (1991) ("The entitlement is an immunity from suit rather than a mere defense to liability....").
[6] *Jones v. Kansas*, No. 12-2486-KHV, 2012 WL 5362905, at *2 (D. Kan. Oct. 31, 2012).

3

set for **February 28, 2025 at 10:00 a.m. via Zoom is CANCELLED.** The Court will endeavor to reschedule the Status Conference following a decision on the motion, if necessary.

      **IT IS SO OREDERED.**

      Dated February 20, 2025.

                              s/ Gwynne E. Birzer
                              GWYNNE E. BIRZER
                              U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

**FILED**

JUN -4 2025

Clerk, U.S. District Court
By: _____ Deputy Clerk

KENNETH MARK HAY,  )
                Plaintiff,  )
                            )
                            )
Versus                      )        **CASE NO. 5:23-CV-03175-HLT-GEB**
                            )
                            )
Ms. Keri Applequist, et al.,  )
                Defendants,  )

**Plaintiff's Notice of Appeal**

   **COMES NOW,** the Plaintiff, Mr. Kenneth Mark Hay, Pro Se, before this Honorable
Court to file this Notice of Appeal.

   The Plaintiff offers the following in support of this Notice of Appeal:

1.  The Plaintiff humbly and timely files this Notice of Appeal with this Honorable Court of the
    District of Kansas and requests that this case and all the rulings and decisions of this Court be
    appealed to the Tenth Circuit of the United States.

   **THEREFORE,** Your Honor, the Plaintiff humbly moves this Honorable Court to rule in his
favor in regards to his Notice of Appeal.

Page **1** of **2**

**CERTIFICATE OF SERVICE**

I, <u>KENNETH HAY,</u> hereby certify that a True and Correct Copy of this Notice of

Appeal was sent, by U.S. Mail, postage prepaid, on this ___28___ day of the month of

___May___ of the year _2025_ to the following parties in this case:


Kansas Attorney General's Office                    United States District Courthouse
**C/O Mr. Matthew Shoger**                          **C/O Clerk of the District Court**
120 S.W. 10th Street, 2nd Floor                     444 S.E. Quincy
Topeka, Kansas 66612                                490 U.S. Courthouse
                                                    Topeka, Kansas 66683



                                        Respectfully Submitted,
                                        *Kenneth Mark Hay*
                                        Mr. Kenneth Mark Hay
                                        1301 Kansas Highway 264
                                        Larned, Kansas 67550-5353
                                        620-285-4660 extension 4


Page **2** of 2

Mr. Kenneth Mark Hay
1301 Kansas Highway 264
Larned, Kansas 67550-5353



WICHITA KS 670
1 JUN 2025 PM 3 L

RECEIVED
JUN 0 4 2025
CLERK, U.S. DIST. COURT
TOPEKA, KANSAS

THIS CORRESPONDENCE IS
FROM A SECURE FACILITY
AND IS UNCENSORED

United States District Courthouse
**C/O Clerk of the District Court**
444 S.E. Quincy
490 U.S. Courthouse
Topeka, Kansas 66683

66683-358799

71