FILED
United States Court of Appeals
Tenth Circuit

June 5, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

KENNETH MARK HAY,

    Plaintiff - Appellant,

v.

KERI APPLEQUIST, et al.,

    Defendants - Appellees.

No. 25-3101
(D.C. No. 5:23-CV-03175-HLT-GEB)
(D. Kan.)

_____

## ORDER
_____

This matter is before the court upon the opening of this appeal. Plaintiff Kenneth Mark Hay's notice of appeal "requests that this case and all the rulings and decisions of [the district court] be appealed to the Tenth Circuit of the United States." [DC ECF No. 65]. However, a review of the district court docket shows that the district court has not entered a final decision in the district court case or any immediately appealable order(s). Accordingly, it appears that this court lacks jurisdiction to review this appeal. As a result, the court is considering this matter for summary disposition. *See* 10th Cir. R. 27.3(B).

This court has jurisdiction to review "final decisions of the district courts." *See* 28 U.S.C. § 1291; *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("Final decisions are those that end the litigation on the merits and leave nothing for the court to do but execute the judgment."). Here, the district court has not entered a final decision or judgment disposing of Mr. Hay's claims against the defendants, and the case in the

district court is ongoing. Further, any interlocutory orders entered by the district court relating to discovery or to the conduct or progress of litigation are also not immediately appealable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (orders that relate to the conduct or progress of litigation are not appealable); *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010) (discovery orders entered during the course of litigation are not "final" under § 1291).

Because the district court has not entered a final decision disposing of the case or an immediately appealable order, it appears that this court lacks jurisdiction to consider this appeal.

Accordingly, **by June 20, 2025**, Mr. Hay is directed to file a response to this order addressing why this appeal should not be dismissed for lack of jurisdiction because the district court has not entered a final decision or an appealable order. If Mr. Hay fails to file a response, or chooses to not file a response by June 19, 2025, the court may dismiss the appeal for failure to prosecute without further notice. *See* 10th Cir. R. 42.1.

Briefing on the merits of this appeal is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

                                          Entered for the Court

                                          CHRISTOPHER M. WOLPERT, Clerk